UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert McDaniel Cox, | ) C/A No. 2:11-02953-DCN-BM |
| Plaintiff, | ) |
| vs. | ) |
| Luther Carl Knight; | ) |
| Dorchester County Sheriff's Office, | ) Report and Recommendation |
| Defendants. | ) |

Plaintiff, Robert McDaniel Cox ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

1



a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The Complaint's allegations are stated below, verbatim:

With respect to Defendants' involvement in Dorchester County Family Court Docket #08DR1800198 10, Defendants ignored the duties, obligations and responsibilities, as well as the restrictions, limitations, prohibitions, placed upon Defendants by specific Articles, Amendments and Clauses of the Constitution of the United States. Defendants' willful ignorance resulted in multiple violations of rights guaranteed to Plaintiff, which are clearly and specifically enumerated in the Constitution of the Unites Stated. Plaintiff seeks redress for the following causes of action:

1. Violation of Constitutionally required Oath of Office - Article VI of the Constitution of the United States **binds** all judges and judicial officers, including the Defendants, to recognize and support the Constitution of the United States as the supreme Law of the Land. The actions of the Defendants with respect to Defendants' involvement in Dorchester County Family Court Docket #08DR1800198 10 violates this requirement.

2. Violation of Constitutionally required procedure - Amendment V clearly and specifically states that "No person shall . . . be deprived of life , liberty, or property, without due process of law; . . ." and Article III clearly and specifically states that "due process" for "The Trial of all Crimes . . . shall be by Jury; . . ." The actions of the Defendants with respect to Defendants' involvement in Dorchester County Family Court Docket #08DR1800198 10 violate these requirements.

Plaintiff seeks monetary damages for the Defendants' actions.

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right," and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The instant Complaint alleges constitutional violations by the Dorchester County Sheriff, Luther Carl Knight, and the Dorchester County Sheriff's Office for actions involving Family Court Docket

2



#08DR1800198 10.  As an initial matter, it is well settled that a Sheriff in South Carolina is an arm of the State, and, as such, enjoys Eleventh Amendment Immunity in federal court when sued in his official capacity. *See Cromer v. Brown*, 88 F.3d 1315, 1331-32 (4th Cir.1996); *Cone v. Nettles*, 417 S.E.2d 523, 524-25 (S.C. 1992). This immunity extends to the Sheriff's Office, including the individual employees and deputy sheriffs of the Sheriff's Office. *See Gulledge v. Smart*, 691 F.Supp. 947, 954-55 (D.S.C.1988) (concluding that a deputy sheriff is an agent of the State and entitled to Eleventh Amendment immunity). *See also Carroll v. Greenville County Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994)(suit against the sheriff's office is suit against the state).  Thus, Sheriff Knight, in his official capacity, as well as the Dorchester County Sheriff's Office, are immune from Plaintiff's claim for damages under § 1983.[1] *See Smith v. Olanta Police Dep't*, C/A No. 4:10–cv–02704–RBH, 2011 WL 780454, at *2 (D.S.C. Feb.28, 2011) (holding that sheriff's departments are immune from suit under the Eleventh Amendment).

In addition, even if the Defendant Knight is being sued in his individual capacity, he is entitled to summary dismissal of this action because Plaintiff provides no specific factual allegations against him.  In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed.  *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1

---

[1] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases.  *See Quern v. Jordan*, 440 U. S. 332, 343 (1979).  In addition, although a State may consent to a suit in a federal district court,  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), the State of South Carolina has not consented to such actions.  *See* S.C. Code Ann. § 15-78-20(e).



(6th Cir. Dec. 17, 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). Rather, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The instant Complaint's general claims, absent any factual allegations against Defendants Knight and the Dorchester County Sheriff's office, are insufficient to state a cognizable claim under § 1983.

## Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 28, 2011
Charleston, South Carolina

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

